IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON SVANDA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 21-cv-909-DWD |
| JACKSON COUNTY, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiffs challenge the constitutionality of the apportionment of county board districts in Jackson County, Illinois. On August 11, 2021, they filed suit pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging that the redistricting plan violates 55 ILCS, 5/2-3003, *et seq.*, and the Fourteenth Amendment's Equal Protection Clause.  (Doc. 1) On November 24, 2021, Plaintiffs filed their Amended Complaint (Doc. 45) directed at County Ordinance 2021-08 which adopted a new redistricting map.  Plaintiffs' First Amended Complaint ("Complaint") claims, in Count I, violations of 55 ILCS §5/2-3003, in that, according to Plaintiffs, the County Districts are not compact, do not follow logical or natural boundaries and are not contiguous, thereby dividing natural communities. (Doc. 45, ¶ 76); in Count II that the Defendants have violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in failing to draw the districts as "equal as possible" and that, by doing so,

1

have caused the votes of certain minorities to become diluted (Doc. 45, ¶79-80); in Count

III that the Defendants have violated the Illinois Voting Rights Act of 2011 (10 ILCS 120

/5-5) by "cracking" the minority vote and thereby diluting it. (Doc. 45, ¶ 82); and in Count

IV that the Defendants have violated certain Jackson County Bylaws by failing to give

proper notice prior to enacting the ordinance. (Doc. 45, ¶85-90). In Count V, the Plaintiffs

seek declaratory judgment, presumably pursuant to 28 USCA §2202. Defendants move

to dismiss Plaintiffs' Complaint for a variety of reasons, among them is that the matter is

not ripe, that the Plaintiffs lack standing and that the Complaint fails to state a claim.

### DEFENDANTS MOTION TO DISMISS

All but Count II of the Complaint advance claims based on violations of state law.

Only Count II is founded on federal law, specifically the Equal Protection Clause of the

Fourteenth Amendment.[1] Clearly, this Court has original jurisdiction over the claims

raised in Count II.  *See* 28 USCA §1331  (district courts have original jurisdiction of all

civil actions under the Constitution and laws of the United States) Of course, "in any civil

action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West). Thus, this

Court has jurisdiction over the Plaintiffs' state-law claims so long as their federal-law

---

[1] Plaintiffs also seek a declaratory judgment that the "apportionment ordinance [Defendants] knew violates 55 ILCS 5/2-3003, the Fourteenth Amendment, and the U.S. Constitution." (Doc. 45, P. 20) The Declaratory Judgment Act (28 U.S.C. §2201) creates no new rights, but rather creates a new remedy with which to adjudicate existing rights.

claims survive.[2] However, since this Court will dismiss without prejudice Count II of the Complaint because the Plaintiffs have not adequately pled that they have standing to bring their constitutional claims to this Court, leaving only the Counts asserting state-law claims, the Court will not at this time address the Plaintiffs' Motion to Dismiss as it relates to the state-law Counts. (*See* Fed. R. Civ. Pro. Rule 12(b)(6))

### RIPENESS OF PLAINTIFFS' CLAIMS

Defendants argue in their motion— which was filed on December 9, 2021— that the present action "cannot possibly be ripe until December 31, 2021", which is the deadline established by the State Legislature for a county board to enact reapportionment legislation. (Doc. 50, ¶¶3-4). They touch on the basic tenet that a district court is limited by Article III, § 2 of the U.S. Constitution to the adjudication of actual cases or controversies. Defendants do not, however, contest that these claims become ripe after the passage of the year-end deadline. Nor do Defendants suggest that after December 31, 2021, the Plaintiffs' disputes will continue to be "hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). And, nothing appears from the filings of the parties that indicates that apportionment ordinance has been repealed. Moreover, the hardship that would befall the parties, as well as other voting citizens and campaigning candidates should this matter be unnecessarily deferred is real. See *Thomas v. Union Carbide Agr. Prod. Co.*, 473

---

[2] Plaintiffs also claim that this Court has jurisdiction pursuant to 28 U.S.C. §1343 but do not state under which subsection they make this claim.

U.S. 568, 581, 105 S. Ct. 3325, 3333, 87 L. Ed. 2d 409 (1985) ("the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration" must inform any analysis of ripeness.). Accordingly, the Court finds that Plaintiffs' Constitutional claim is "ripe" for judicial decision.

### PLAINTIFFS' STANDING AND RULE 12(B)(1)

Defendants argue in their Motion to Dismiss that the Plaintiffs lack standing to bring a claim under the Fourteenth Amendment and that only one Plaintiff, Navreet Kang, is named as having any connection to a racially gerrymandered district. Even then, Defendants assert, nothing is alleged in the Complaint that would suggest that he is a member of a minority group. (Doc. 50, ¶ 5) Thus, the Defendants make a facial challenge the adequacy of the pleading under Rule 12(b)(1). See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.)

It is well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United*

4

*States v. Hays,* 515 U.S. 737, 742–43, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995) citing

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

"The party invoking federal jurisdiction bears the burden of establishing these elements."

*Id.* "At the pleading stage, general factual allegations of injury resulting from the

defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general

allegations embrace those specific facts that are necessary to support the claim." *Id.*

However, "it follows that the *Twombly–Iqbal* facial plausibility requirement for pleading

a claim is incorporated into the standard for pleading subject matter jurisdiction." *Silha*

*v. ACT, Inc.,* 807 F.3d 169, 174 (7th Cir. 2015) "[W]hen evaluating a facial challenge to

subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal's*

"plausibility" requirement, which is the same standard used to evaluate facial challenges

to claims under Rule 12(b)(6)." *Id.* Still, the allegations of fact—though they must be

clearly alleged,—need only "plausibly suggest" each element of standing, with the court

drawing all reasonable inferences in the plaintiff's favor, *Silha v. ACT, Inc.*, 807 F.3d 169,

173–74 (7th Cir. 2015). (Citations omitted. See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136

S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016))

A review of the Complaint reveals that Plaintiffs allege that "Navreet Kang is a

citizen of the United States and the State of Illinois, and a duly registered voter residing

in Jackson County" and that "he resides in an area with large minority population". (Doc.

45, ¶ 34) The Complaint provides further that "however, under Ordinances 2021-01 and

2021-08, enacted by the Defendants, the minority district is cracked to fill other Caucasian

districts to enhance the Democrat partisan advantage." *Id.* Such allegations are far too

5

bare-bones and conclusory to meet even the low-threshold pleading requirements of Rule

8 (Fed. R. Civ. P. Rule 8) let alone demonstrate that Mr. Kang has a "personal stake in the

outcome." *Gill v Whitford*, 138 S. Ct. 1916, 1923 (2018). Here, the Plaintiffs have alleged no

facts suggesting that any specific Plaintiff has suffered "injury in fact" or that any such

injury is "fairly traceable" to the Defendants' conduct. As such, the Plaintiffs have not

met their burden to factually establish standing.

Nevertheless, Plaintiffs argue in their response to the Rule 12(b)(1) motion that

"[d]ue to Navreet Kang's political involvement, there is significant reason to believe that

the Defendants, along with Defendants' counsel, know Mr. Kang personally and know

that he is a Minority". (Doc. 54, p. 4) The Plaintiffs go on in their response to add that

"[a]ccording to his online biography, Mr. Kang is of Indian-ethnic origin" and "self-

identifies as a minority." (Doc. 54, p. 5) None of these allegations are supported by

affidavit or otherwise appear of record. Moreover, these new allegations are much more

than mere elaborations on evidence the Plaintiffs plan to introduce during trial. See *Bell

v. Publix Super Markets, Inc.*, 982 F.3d 468, 480 FN 2 (7th Cir. 2020) (plaintiff may describe

the evidence she expects to offer to support factual allegations, and nothing prevents a

plaintiff from including such allegations in the complaint or from tendering affidavits or

other documents to show that those expectations about evidence are realistic.) Rather,

they introduce allegations that Defendants *already* know that Mr. Kang is of a minority

race or that Defendants *should* know the contents of his online biography.  Maybe the

Defendants are aware of these things, but the Complaint does not allege that to be the

case and the Plaintiffs may not amend their Complaint merely by adding allegations in

their responsive brief to the motion. See *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011)("the axiomatic rule that a plaintiff may not amend his complaint in his response brief.")

Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve "cases" and "controversies." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) "[F]ederal courts are obliged to police the constitutional ... limitations on their jurisdiction." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). In other words, should a Plaintiff lack standing, the district court lacks the authority to decide any aspect of the case, including pending or outstanding motions to dismiss under Rule 12(b)(6).  Presently, the Plaintiffs have not adequately pled that they or any of them have standing to bring and maintain a Constitutional claim. As a result, their Complaint should be dismissed. Given that it is also unclear whether the Plaintiff would be able to allege sufficiently that this Court has subject-matter jurisdiction, the Court will not at this time address the other aspects of the Defendants' motion to dismiss. Of Course, the granting of the Defendants' motion to dismiss on the basis of the failure to adequately plead standing does not necessarily end this litigation. A Court "should freely give leave" to amend a pleading when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Therefore, the Court will allow the Plaintiffs leave to amend their Complaint.  See *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) (where the Court recognized that a dismissal for lack of subject-matter jurisdiction may be a dismissal without prejudice.) The Defendants' may, in response to any such amended complaint, renew their motion to dismiss or otherwise plead.

## DISPOSITION

The Defendants' Motion is GRANTED in part and DENIED in part. Plaintiffs'
Complaint is hereby DISMISSED without prejudice and with leave to file a Second
Amended Complaint, if at all, within seven (7) days. Defendants shall file their responsive
pleading thereto within seven (7) days thereafter.

**SO ORDERED.**

Dated: January 9, 2022

_____
DAVID W. DUGAN
United States District Judge